IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ GUTIERREZ,<br><br>          Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | No. CV-F-05-197 OWW<br>(No. CR-F-03-5326)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On February 11, 2005, Petitioner Jose Hernandez Gutierrez timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner pleaded guilty pursuant to a written Plea Agreement to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The Plea Agreement specifically provides:

> Defendant expressly, knowingly and voluntarily waives his Constitutional and statutory rights to appeal, including any

1

```
 1             rights to appeal his conviction and sentence
               on any ground and any appeal right conferred
 2             by 18 U.S.C. § 3742.  Defendant further
               agrees not to contest his sentence in any
 3             post-conviction proceeding, including, but
               not limited to, any proceeding under 28
 4             U.S.C. § 2255.

 5  Petitioner was sentenced on February 17, 2004 to 46 months

 6  incarceration.  Petitioner did not file a Notice of Appeal.

 7       Petitioner's motion asserts four grounds for relief:

 8             Ground One:

 9             The petitioner ... is challenging an
               exceptional sentence that was unlawfully
10             imposed.  Also the petitioner is challenging
               his sentence based on violation of due
11             process.  The petitioner was denied due
               process by the court not following the
12             sentencing process defined by the
               legislature. [T]he sentencing statutes do not
13             adequately protect a defendant's
               constitutional due process right when an
14             exceptional sentence is imposed.

15             Ground Two:

16             The statutory scheme in imposing an
               exceptional sentence violates a defendant's
17             due process and his Sixth Amendment, right to
               a jury trial since the sentencing judge, not
18             a jury, determines disputed facts that are
               the basis of enhancing the sentence.
19
               Ground Three:
20
               Any sentence imposed or any sentence
21             increased based on a fact or factors not
               determined by a jury or not prove [sic]
22             beyond a reasonable doubt will violate
               Defendan's [sic] constitution [sic] right
23             under the fifth and fourteenth and sixth
               Amendments to the United States
24             Constitutional [sic].

25             Ground Four:

26             The statutory maximum for Apprendi, and
```

>     Booker and Fanfan, purposes is the maximum
>     sentence a judge may impose solely on the
>     basis of the facts reflected in the jury
>     verdict or admitted by the defendant.

Petitioner's Section 2255 motion is DENIED.

A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied sub nom. Abarca-Espinoza v. United States*, 508 U.S. 979 (1993). However, the Ninth Circuit holds that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver. *Washington v. Lambert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied,* 547 U.S. 1074 (2006). Petitioner makes no claim that the voluntariness of the waiver in the Plea Agreement was the result of ineffective assistance of counsel.

For the reasons stated:

1. Petitioner Jose Hernandez Gutierrez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**;

2. The Clerk of the Court is directed to enter JUDGMENT FOR **RESPONDENT**.

IT IS SO ORDERED.

**Dated:   July 23, 2008**              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

3